```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA

DO THI TRAN, ET AL.                                CIVIL ACTION

VERSUS                                             NO. 13-646

UNITED STATES DEPARTMENT OF STATE, ET AL.          SECTION "B"(2)
```

## ORDER AND REASONS

### Causes of Action and Facts of the Case

Plaintiffs are naturalized Vietnamese-Americans and a national Vietnamese-American non-profit organization who seek class action declaratory and injunctive relief against Defendants, who are agencies and officials of the United States government. Plaintiffs assert that on or before April 1975 they were citizens of the Republic of South Vietnam and owned real property before Communist forces took control of the country. They subsequently fled to the United States at various times. They left their property behind, which they claim was seized by the Vietnamese government and nationalized.[1]

Plaintiffs allege two causes of action. First, they argue that Defendants have violated federal law by providing assistance to Vietnam. Second, they argue Defendants have discriminated against them in violation of the 14th Amendment Equal Protection Clause and the 5th Amendment Due Process Clause.

---

[1] Some of the Plaintiffs are the children of parents whose property was taken. (Rec. Doc. No. 45 at ¶ XII).

1

Defendants seek dismissal, arguing the Court is barred from hearing the case because Plaintiffs lack standing, Plaintiffs' claims are political questions, and the statute of limitations has expired for Plaintiffs' Constitutional claims.

Accordingly, and for the reasons articulated below **IT IS ORDERED** that Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Rec. Doc. No. 55) is **GRANTED** and Plaintiffs' claims are **DISMISSED**.

## Law and Analysis

**I. Statutory Claims**

Plaintiffs point to 22 U.S.C. § 2370(e)(1) as prohibiting the grant of aid by the United States to certain foreign countries who have expropriated the property of United States citizens. That provision however was subsequently superseded by 22 U.S.C. § 2370a. *See Talenti v. Clinton*, 102 F.3d 573, 575 (D.C. Cir. 1996). The Court therefore analyzes Plaintiffs' claims under § 2370a.

§ 2370a provides in relevant part:

> (a) Prohibition
> None of the funds made available to carry out this Act, the Foreign Assistance Act of 1961 [22 U.S.C.A. 2151 et seq.], or the Arms Export Control Act [22 U.S.C.A. 2751 et seq.] may be provided to a government or any agency or instrumentality thereof, if the government of such country (other than a country described if subsection (d) of this section)—
> (1) has on or after January 1, 1956--
> (A) nationalized or expropriated the property of any United States person . . .

However the prohibition on aid contains a waiver provision, which reads "[t]he President may waive the prohibitions in subsections (a) and (b) of this section for a country, on an annual basis, if the President determines and so notifies Congress that it is in the national interest to do so." 22 U.S.C. § 2370a (g).

Separate and apart from the prohibition in § 2370a, Plaintiffs also point to 22 U.S.C. § 2370(f)(1) which provides:

> (f) (1) No assistance shall be furnished under this chapter, (except section 2174 (b) of this title) to any Communist country. This restriction may not be waived pursuant to any authority contained in this chapter unless the President finds and promptly reports to Congress that:
> (A) such assistance is vital to the security of the United States;
> (B) the recipient country is not controlled by the international Communist
> conspiracy; and
> (C) such assistance will further promote the independence of the recipient country from international communism. For the purposes of this subsection, the phrase "Communist country" includes specifically, but is not limited to, the following countries: Democratic People's Republic of Korea, People's Republic of China Republic of Cuba, Socialist Republic of Vietnam, Tibet[.]

However, like the provision above, § 2370(f) also contains a separate Presidential waiver option reading:

> (2) Notwithstanding the provisions of paragraph (1) of this subsection, the President may remove a country, for such period as the President determines, from the application of this subsection, and other provisions which reference this subsection, if the President determines and reports to the Congress that such action is important to the national interest of the United States. It is the sense of the Congress that when consideration is given to authorizing

3

>assistance to a country removed from the application of this subsection, one of the factors to be weighed, among others, is whether the country in question is giving evidence of fostering the establishment of a genuinely democratic system, with respect for internationally recognized human rights.

Summarizing the two provisions restricting aid that Plaintiffs rely on, two principles are clear: (1) Both statutes require the suspension of U.S. foreign aid to countries if certain conditions are met, i.e. a country has expropriated Americans' property or a country is communist; and (2) Both statutes can be unilaterally disregarded by the President upon a finding that continuing to provide the aid is in the national interest, so long as the President reports this finding to Congress.

Defendants, in their Opposition, do not appear to dispute that Plaintiffs' land was expropriated by the government of Vietnam, or that Vietnam remains a communist country. Thus, the Court assumes for purposes of the instant motion that the statutory conditions to halt aid are present.

Turning to the waiver provisions, the President has delegated his authority to waive the aid restrictions to the Secretary of State. *See* Executive Order 12163, 44 Fed. Reg. 56673 (Sept. 29, 1979); Pres. Mem. of July 26, 1994, 59 Fed. Reg. 40205. The Secretary of State has waived § 2370(f) as it applies to Vietnam. Comm. Int'l Relations & H. Comm. on Foreign

Relations, I-A Legislation on Foreign Relations Through 2008 § 620 n.1004 (March 2010). No similar waiver has been made under § 2370a.

In place of an argument that § 2370a has been complied with, Defendants argue that Plaintiffs lack standing to challenge noncompliance with the statute. In the alternative they argue that compliance with the statute represents a political question.

In order for a Plaintiff to establish standing, three elements must be met:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotations omitted).

The Fifth Circuit has not had an opportunity to address the application of either provision at issue in this case. The D.C. Circuit, in *Talenti v. Clinton*, 102 F.3d 573 (D.C. Cir. 1996), considered a claim under § 2370a brought by an American citizen, Talenti, who claimed the Italian government had rezoned and expropriated millions of dollars worth of his property from 1974

to 1985. *Id*. at 575. He sought to cease United States foreign aid to Italy based on the statute and the lack of a Presidential waiver. The D.C. Circuit found that Talenti lacked standing. Specifically, it found Talenti could not meet third requirement of standing – redressability – because it was speculative, if not "doubtful", that any relief granted under that statute would redress Talenti's injury. *Id.* at 577. The court recognized that § 2370a does not require the suspension of aid, but instead allows the President to waive the prohibition on aid by reporting the waiver to Congress. Accordingly, the only relief the court could accord Talenti was to order the President to report any waiver to Congress before resuming aid. *Id.* That relief could not redress Talenti's injury, because forcing the President to make the report to Congress would do little if anything to assist Talenti in getting compensation for his property. *Id*. at 578. Further, even if aid was halted, that likewise would not redress Talenti's claims – since it was merely speculative that the Italian government would respond to the denial of aid by remedying his property claims. *Id*.

    The United States District Court for the District of Puerto Rico reached a similar conclusion on standing when faced with a challenge to aid to the Dominican Republican under § 2370a. *Betteroads Asphalt Corp. v. United States*, 106 F. Supp. 2d 262, 267 (D.P.R. 2000).

Further, in *Aerotrade, Inc. v. Agency for Int'l Dev., Dep't of State*, 387 F. Supp. 974 (D.D.C. 1974) the United States District Court for the District of Columbia found a plaintiff lacked standing to challenge aid to Hati. That case dealt with 22 U.S.C. § 2370(e)(1), the provision cited by Plaintiffs in their complaint here but which has been superseded by § 2370a. Nonetheless, the court's reasoning is nearly identical, and recognized that because the President was free to waive the provision and because there was a lack of evidence that stopping aid would remedy plaintiff's injury, the plaintiff lacked standing. *Id.* at 975-76.

In short, no court has permitted the type of suit advanced here to go forward. Plaintiffs' only retort to this fact is to claim that those prior cases are distinguishable because in those cases "there were no prior Settlement Claims Act established by Congress for the specific purpose of compensating property losses of U.S. Citizens nor were they presented with such unique facts as this case." Opposition, (Rec. Doc. No. 58 at 19). The Court is not persuaded. The fact that a settlement claims process exists does not make it more likely that Plaintiffs' claims can be redressed by court action. Further, while the facts of this case are no doubt unique, that still does not change the inability of the Court to redress Plaintiffs' grievances in this forum.

7

The Court agrees with the case law referenced above and finds that the Plaintiffs here lack standing to pursue suit against Defendants. Plaintiffs have failed to allege how a favorable ruling would redress their injury. Like the plaintiffs in the cases recited above, it is mere speculation to assume that a court order halting aid or requiring the President to meet the reporting requirements would assist in resolution of Plaintiffs' land disputes. While the Court joins in Plaintiffs' frustration, Plaintiffs lack the necessary legal standing to challenge the alleged failure to comply with clear statutory provisions. Accordingly, dismissal is appropriate under either the motion to dismiss or summary judgment standard.[2]

**II. Constitutional Claims**

Plaintiffs next claim Defendants have violated their 5th and 14th Amendment rights by discriminating against Vietnamese-Americans. Specifically, Plaintiffs argue that Defendants have mishandled the expropriation claims brought by foreign born Vietnamese-Americans, but have honored claims brought by American born citizens – thus violating the equal protection rights of foreign born citizens.

Except in limited circumstances not relevant here, "every civil action commenced against the United States shall be barred

---

[2] Because Plaintiffs lack standing, thus barring the Court from jurisdiction over the case, the Court finds no reason to determine if Plaintiffs' claims are alternatively barred under the political question doctrine.

```
```

unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). Plaintiffs' allegations in their complaint are that:

> From 1975 to 1995, the U.S. Government through the Department of State, and/or the Office of the U.S. Trade Representative, and/or the Federal Claims Settlement Commission had persistently pressed the Socialist Republic of Vietnam to pay compensation to naturally born U.S. citizens whose properties had been seized or nationalized by the Vietnamese government after the Vietnam War.
>
> (Rec. Doc. No. 45 at ¶ XLIX)

During that same time period, Plaintiffs claim the U.S. government did not make similar demands or arrangements for naturalized Vietnamese-Americans to obtain compensation for their property. (*Id.* at ¶ LIII).[3]

Accepting Plaintiffs' claims as true, the statute of limitations on their claims expired at the latest in 2001 – six years after the Defendants alleged discriminatory conducted concluded in 1995. Plaintiffs' counsel filed his clients' claims in 2013, well beyond obvious legal time limitations. The claims are therefore time barred, and must be dismissed.[4]

---

[3] In their Opposition to the instant Motion, Plaintiffs seem to retract slightly from their prior assertion in their Complaint and concede that at least some naturalized Vietnamese-Americans may have been afforded relief during the 1975-1995 period. *See* Opposition, (Rec. Doc. No. 58 at 24) (stating "[f]rom 1975-1995, the Federal Claims Settlement Commission (FCSC) heard over 534 claims against Vietnam and awarded 192 claims to *most, if not all*, natural-born citizen") (emphasis added). In short, Plaintiffs seem unsure exactly who was awarded claims from the FCSC.

[4] More recently, Plaintiffs claim they have sent requests and/or petitions to various executive branch officials and agencies in the hopes of redressing their land claims. Plaintiffs allege their complaints have not been resolved through this process. These unresponded to petitions do not evidence any

Accordingly, and for the reasons articulated above **IT IS ORDERED** that Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Rec. Doc. No. 55) is **GRANTED** and Plaintiffs' claims are **DISMISSED**.

New Orleans, Louisiana, this 9th day of May, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

unlawful discrimination or differential treatment. Plaintiffs have not provided any evidence that petitions by American born citizens have been answered where naturalized citizen requests have not. Rather, the only differing treatment between American born citizens and naturalized citizens alleged occurred between 1975 and 1995.

10